# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

JAMES EDWARD SMITH                                                                                          PETITIONER

v.                                      NO. 5:15-cv-00025 BRW/HDY

WENDY KELLEY, Director of the                                                                               RESPONDENT
Arkansas Department of Correction

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

RECOMMENDATION

In July of 2009, petitioner James Edward Smith ("Smith") entered a negotiated plea of guilty in an Arkansas state trial court to three criminal offenses, one of which was first-degree battery. He was sentenced as an habitual offender to an aggregate term of ten years in prison. In February of 2010, an official with the Arkansas Department of Correction ("ADC") notified Smith that his sentence was being administered pursuant to Act 1805 of 2001, codified at Ark. Code Ann. 16-93-609(b).[1] In July of 2010, Smith challenged the application of Ark. Code Ann. 16-93-609(b) to his sentence in a complaint pursuant to 42 U.S.C. 1983. See Smith v. May, 5:10-cv-00199 JTK, Pleading 2 at 4.[2] He later withdrew the complaint, and the case was dismissed in December of 2012.

---

[1]

Ark. Code Ann. 16-93-609(b) provides, in full, the following:

    (1) Any person who commits a violent felony offense or any felony sex offense subsequent to August 13, 2001, and who has previously been found guilty of or pleaded guilty or nolo contendere to any violent felony offense or any felony sex offense shall not be eligible for release on parole by the board.

    (2) For purposes of this subsection, "a violent felony offense or any felony sex offense" means those offenses listed in 5-4-501(d)(2).

[2]

In 5:10-cv-00199, Smith filed a complaint pursuant to 42 U.S.C. 1983 and alleged the following:

    The defendants have refused to honor my Judgment and Commitment Order. On 02-05-10, Nancy Straugh stated my sentence is under Act 1805, which it is not. On 03-04-10, Darryl Golden rendered that the subject falls under Act 1805 of 2001, which it does not. On 04-23-10, Larry May rendered that there was no merit to my complaint, which there is much merit to my complaint. My complaint is that the Arkansas Department of Correction has placed Act 1805 of 2001 upon me illegally, to enhance my court ordered sentence without due process. My negotiated plea of guilty has not been honored by the Arkansas Department of Correction. ...

See Smith v. May, 5:10-cv-00199 JTK, Pleading 2 at 4.

In September of 2012, Smith filed a petition for declaratory judgment and writ of mandamus in an Arkansas state trial court challenging, in part, the application of <u>Ark</u>. <u>Code</u> <u>Ann</u>. 16-93-609(b) to his 2009 sentence. He maintained that "the application of the statute to his sentence amounted to an enhancement of the sentence." <u>See</u> Pleading 8, Exhibit B-3 at 1. The state trial court judge denied the petition, and Smith appealed. The Arkansas Supreme Court affirmed the denial of the petition in June of 2014 and issued a mandate in July of 2014. In affirming, the state Supreme Court noted the following: "... 16-93-609 is not a sentencing statute, and it is not an enhancement statute; it merely sets out certain provisions for parole eligibility. Pursuant to Arkansas Code Annotated section 5-4-402(a) ..., parole eligibility is within the domain of the executive branch, specifically the ADC." <u>See</u> Pleading 8, Exhibit B-3 at 2.

In January of 2015, Smith commenced the case at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. In the petition, he challenged the application of <u>Ark</u>. <u>Code</u> <u>Ann</u>. 16-93-609(b) to his 2009 sentence. He maintained that the application of the statute to his sentence violated his constitutional rights.

Respondent Wendy Kelley ("Kelley") filed a response to the petition and asked that it be dismissed. She so maintained for two reasons. She first maintained that the petition is time barred because the 2009 conviction became final in July of 2009, and nothing tolled the subsequent one year period for filing a petition pursuant to 28 U.S.C. 2254. Second, she maintained that Smith's claim is "not cognizable in federal habeas because inmates do not have a fundamental right to parole." <u>See</u> Pleading 8 at 5.

Smith filed a reply opposing the positions advanced by Kelley. He maintained that he has "diligently pursued some type of request for a remedy dealing with the very same constitutional violations that he has addressed in this case." See Pleading 9 at 1. He additionally maintained that his claim has merit, noting, in part, that ADC officials "illegally placed the sentence enhancement upon [his] prison sentence without due process." See Pleading 9 at 9.

The undersigned has thoroughly reviewed the record in this case and finds it unnecessary to determine whether Smith's petition is time barred. It is not necessary because his claim warrants no relief for the reason that follows. The undersigned therefore recommends that the petition be dismissed, all requested relief be denied, and judgment be entered for Kelley. The undersigned also recommends that a certificate of appealability be denied.

Before addressing the specifics of the claim at bar, two preliminary points are in order. First, it is undisputed that Smith had "previously been found guilty of … [a] violent felony offense," including a "felony sex offense," when he entered the negotiated plea in 2009. The record reflects that in January of 1994, he was convicted in an Arkansas state trial court of rape, kidnapping, and "breaking or entering." See Pleading 8, Exhibit A-2 at 2. Second, he is not challenging the voluntariness of his 2009 negotiated guilty plea nor does he maintain that his attorney in the 2009 proceeding provided constitutionally inadequate representation. Smith simply maintains that the ADC cannot apply Ark. Code Ann. 16-93-609(b) to his 2009 sentence.

Turning to the specifics of the claim at bar, it is clear that "nothing in the Arkansas statutes governing parole creates anything more than a mere possibility of parole, and thus the statutes do not establish any right to release on parole that would invoke due process protection." See Tucker v. Norris, 2009 WL 5066761 at 3 (E.D.Ark. 2009). In that case, United States District Judge Brian S. Miller adopted the recommendation of United States Magistrate Judge Beth Deere and found the following:

> The Arkansas Supreme Court has emphasized the broad discretionary authority granted to the Board under the state's parole statutes. Michalek v. Lockhart, 730 S.W.2d 210, 211 (1987); see Dougan v. Ford, No. 04-623, 2005 WL 2387576, 2 (Sept. 29, 2005) (unpub.) ("[i]f the conditions [set by the Board] are too onerous, appellant could decline to accept the conditions set, and elect to serve out his sentence instead"); see also Hamilton v. Brownlee, 237 Fed. Appx. 114, 115 (8th Cir.2007) (unpub.) (Arkansas parole statutes do not create protectible liberty interest in discretionary parole decisions, and prisoner did not have protectible liberty interest in having parole board follow its own hearing policy).
>
> A prisoner committed to the custody of a state penal authority, "can be assured of only one thing-that he will be released from the State's custody at the end of the term of years specified by the sentencing court." Richmond v. Duke, 909 F.Supp. 626, 631 (E.D.Ark.1995).

See Id. at 4. See also Smith v. Norris, 40 Fed.Appx. 305 (8th Cir. 2002) (no federal right to specific release or parole eligibility date).

The specific application of Ark. Code Ann. 16-93-609(b) was addressed by United States District Judge Susan Webber Wright in Jones v. Norris, 2009 WL 4897755 (E.D.Ark. 2009). In that case, she adopted the recommendation of United States Magistrate Judge Joe V. Volpe and found the following with respect to the application of the statute:

> While the Constitution does not afford the states unlimited ability to implement increased sentencing schemes, the Arkansas scheme is rationally based on furthering a legitimate penal interest. The purpose of the law was simply "to provide that repeat offenders convicted of violent felony offenses or any felony sex offense shall not be eligible for release on parole; and for other reasons." 2001 Ark. Acts, No. 1805. The statute is intended to apply to repeat offenders convicted of violent felony or felony sex offenses regardless of the date of the first violent felony conviction. Based upon Petitioner's prior felony conviction, he qualified for the application of this statute and the Court finds no violation of Petitioner's constitutional rights.

See Id. at 4.

Given the foregoing, it is clear that a prisoner in the custody of the ADC has no constitutionally protected right to parole. He only has the mere possibility of parole. Smith couches his claim in the context of a due process violation, and his claim has some superficial appeal. When he entered the custody of the ADC, he was not aware that he was ineligible for parole. It was only after he entered the custody of the ADC that he learned his 2009 sentence was being administered pursuant to Ark. Code Ann. 16-93-609(b). Upon closer examination, though, officials with the ADC could administer his sentence as they are, and there is no constitutional violation. See Guthrie v. Alabama Board of Pardons and Paroles, 2014 WL 6065375 (M.D.Ala. 2014) (prisoner first learned of ineligibility for parole from prison classification personnel). As the state Supreme Court could and did find, Ark. Code Ann. 16-93-609(b) is not a sentencing statute nor an enhancement statute; it merely sets out certain provisions for parole eligibility, a scheme within the domain of the executive branch.

On the basis of the foregoing, the undersigned finds that Smith's claim warrants no relief. It is recommended that his petition for writ of habeas corpus be dismissed, all requested relief be denied, and judgment be entered for Kelley. A certificate of appealability should also be denied.

DATED this ___11___ day of March, 2015.

_____
UNITED STATES MAGISTRATE JUDGE